UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— X

THE NEW YORK TIMES COMPANY                    :
                                              :
                        Plaintiff,            :
                                              :
                                              :          **COMPLAINT**
             - against -                      :
                                              :          15-cv-9706
POWERHOUSE BOOKS and DANIEL POWER,            :
                                              :
                                              :
                        Defendants.           :
                                              :
———————————————————————————X

Plaintiff THE NEW YORK TIMES COMPANY, by its undersigned attorney, alleges for its

Complaint:

      1.      This is an action under the Copyright Act, 17 U.S.C. § 501, to enforce the

copyrights held by The New York Times Company ("NYTC") in the front pages of 64 separate

editions of The New York Times ("The Times") newspaper (the "64 Front Pages").

## PARTIES

      2.      Plaintiff NYTC is the publisher of The Times.  It is headquartered in this judicial

district at 620 Eighth Avenue, New York, New York.  The Times has a daily circulation of

approximately 626,000, and a Sunday circulation of approximately 1,147,000.  The New York

Times Company also publishes a website, www.nytimes.com, which has approximately

1,041,000 digital subscribers, and approximately 65 million unique visitors per month.

      3.      Upon information and belief, Defendant powerHouse Books ("PB"), is a book

publishing company and conducts business at 37 Main Street, Brooklyn, New York 11201.  PB

1

59634

is the publisher of "War is Beautiful: The New York Times Pictorial Guide to the Glamour of Armed Conflict*" (the "Infringing Work").

      4.     Upon information and belief, Defendant Daniel Power is a natural person and is the Chief Executive Officer and an owner of PB and resides in New York City, New York.

## JURISDICTION AND VENUE

      *5.*     This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*

      6.     Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(a).

      7.     PB is subject to the personal jurisdiction of this Court. Upon information and belief, PB is a domiciliary of this State and therefore subject to jurisdiction pursuant to New York C.P.L.R. § 301. In addition, PB is subject to the personal jurisdiction of this Court pursuant to C.P.L.R. § 302(a) because PB has committed a tortious act within this State or has committed a tortious act outside this State that, upon information and belief, has caused injury within this state and because (a) PB expects or should reasonably expect the act of publishing unlicensed reproductions of the 64 Front Pages in the Infringing Work to have consequences in this State, with respect to sales of the book or otherwise, and (b) because PB derives revenue from interstate commerce as a result of offering the book for sale.

      8.     Power is also subject to the personal jurisdiction of this Court. Upon information and belief, Power is a domiciliary of this State and therefore subject to jurisdiction pursuant to New York C.P.L.R. § 301. In addition, Power is subject to the personal jurisdiction of this Court

pursuant to C.P.L.R. § 302(a) because he has committed a tortious act within this State or has committed a tortious act outside this State that, upon information and belief, has caused injury within this state, and because (a) he expects or should reasonably expect the act of publishing unlicensed reproductions of the 64 Front Pages in the Infringing Work to have consequences in this State, with respect to sales of the book or otherwise, and (b) because he derives revenue from interstate commerce as a result of offering the book for sale.

## FACTS

9.      From the period between January 7, 2002 and October 12, 2013, NYTC published at least 64 editions of The Times relevant to this action.[1]  The front pages of each of those editions was created by employees of NYTC acting within the scope of their employment, and they are "work made for hire" as defined by § 101 of the Copyright Act.  NYTC is the sole owner of the copyrights of the 64 Front Pages.

10.     NYTC obtained formal copyright registration for each of the 64 Front Pages from the United States Copyright Office.

11.     On or about November 10, 2015, Defendants published the Infringing Work.  The book contains prints of numerous photographs copyrighted by NYTC.  Defendants properly sought and obtained licenses from NYTC for the limited use of photographs in the Infringing Work.

---

[1] The 64 infringed works are the front pages for the following dates: January 7, 2002; March 7, 2002; August 31, 2002; September 2, 2002; September 11, 2002; March 16, 2003; March 21, 2003; March 26, 2003; March 27, 2003; March 30, 2003; April 2, 2003; April 11, 2003; May 30, 2003; June 6, 2003; June 13, 2003; June 14, 2003; November 17, 2003; December 3, 2003; March 4, 2004; March 25, 2004; April 20, 2004; May 15, 2004; May 20, 2004; July 20, 2004; August 21, 2004; October 1, 2004; November 10, 2004; November 29, 2004; April 10, 2005; June 13, 2005; August 9, 2005; August 19, 2005; August 20, 2005; March 7, 2006; May 23, 2006; July 7, 2006; August 4, 2006; August 19, 2006; September 19, 2006; February 8, 2007; April 29, 2007; May 15, 2007; May 23, 2007; May 29, 2007; October 10, 2007; March 19, 2008; July 3, 2008; August 10, 2008; July 22, 2008; December 5, 2008; April 20, 2009; May 21, 2009; October 27, 2009; November 22, 2010; May 29, 2011; May 31, 2011; November 11, 2011; December 16, 2011; March 8, 2012; May 27, 2012, November 14, 2012; January 12, 2013; May 28, 2013; October 12, 2013.

59634

12.     However, Defendants also printed, without permission, copies of the 64 Front Pages along the inside cover of the Infringing Work.  Defendants never sought or obtained a license for the use of the 64 Front Pages.

13.     On or about November 17, 2015, NYTC, through its counsel, notified Defendants of the infringement by sending a letter to Defendants' counsel requesting payment of a licensing fee for the images.

14.     On or about November 20, 2015, counsel for Defendants responded this it would not pay to obtain licenses for the use of the 64 Front Pages.

15.     On or about December 4, 2015, at the direction of NYTC, NYTC's permissions and licensing agency, PARS International Corporation, sent PB an invoice for unpaid licensing fees for use of the 64 Front Pages.

16.     On or about December 7, 2015, Power stated that PB would not pay to obtain licenses for the use of the 64 Front Pages.

## CAUSE OF ACTION
(Copyright Infringement – 17 U.S.C. § 501)

17.     NYTC repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

18.     NYTC owns copyrights in the 64 Front Pages and has registered each such copyright and received a Certificate of Copyright Registration from the United States Copyright Office.

19.     The copyright registration numbers corresponding to NYTC's Certificates of Copyright Registration in the  64 Front Pages are: TX 5-518-551; TX 5-518-561; TX 5-654-145; TX 5-654-174; TX 5-807-930; TX 5-800-553; TX 5-809-570; TX 5-809-559; TX 5-874-212; TX

4

59634

5-896-882; TX 6-215-827; TX 6-215-823; TX 6-215-825; TX 6-215-821; TX 6-215-824; TX 6-187-904; TX 6-187-907; TX 6-511-585; TX 6-511-639; TX 6-519-622; TX 6-441-766; TX 6-441-765; TX 6-505-140; TX 6-505-132; TX 6-505-141; TX 6-588-024; TX 6-613-638; TX 6-613-639; TX 6-662-494; TX 6-662-496; TX 6-631-861; TX 6-699-984; TX 6-699-988; TX 6-699-989; TX 6-718-355; TX 6-776-142; TX 6-787-805; TX 6-573-087; TX 6-789-920; TX 6-789-921; TX 6-540-601; TX 7-746-590; TX 7-746-604; TX 7-876-003; TX 8-001-684.  A true and correct copy of each certificate is attached as Exhibit A.

20.     NYTC's copyrights in the 64 Front Pages are valid and enforceable.

21.     Defendants have infringed NYTC's copyrights in in violation of 17 U.S.C. § 501 by using them in the Infringing Work without obtaining permission.

22.     Defendants willfully infringed NYTC's copyrights.

23.     NYTC is entitled to recover damages sustained as a result of Defendants' unlawful conduct or, alternatively at NYTC's election, statutory damages.

## REQUEST FOR RELIEF

WHEREFORE, NYTC respectfully requests that this Court:

a.     Award NYTC its damages or, alternatively at NYTC's election, statutory damages, as a result of Defendants' infringement of NYTC's copyrights, including punitive damages;

b.     Award NYTC its costs in this action, including its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

c.     Grant NYTC such other and further relief as this Court deems just and proper.

5

59634

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues that are so triable.

Dated: New York, New York
        December 11, 2015

_____/s/_____

David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue - 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccraw@nytimes.com
*Counsel for Plaintiff*

59634