UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE NEW YORK TIMES COMPANY                              Index No. 15CV-9706 (RJS)

       Plaintiff,

   - against –                                          ANSWER

POWERHOUSE BOOKS and
DANIEL POWERS

       Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

     Defendants, Powerhouse Books and Daniel Powers (collectively, "Powerhouse"), by and
through their attorney Joseph J. Haspel, Esq., as and for their answer to the Complaint, states as
follows:

     1.     Insofar as the statement contained in Paragraph 1 of the Complaint is a conclusion
of law, Powerhouse neither admits nor denies such allegations, but refers the issue of law to the
Court. To the extent Paragraph 1 of the Complaint sets forth allegations of fact, if any, Powerhouse
denies such allegations.

     2.     Powerhouse denies information sufficient to form a belief as to the allegations
contained in Paragraph 2 of the Complaint.

     3.     Powerhouse denies the allegations set forth in Paragraph 3 of the Complaint, except
Powerhouse admits that it is a book publishing company and it conducts its business at 37 Main
Street, Brooklyn, New York 11201, and that it is the publisher of "War is Beautiful: The New
York Times Pictorial Guide to the Glamour of Armed Conflict*"

     4.     Powerhouse admits the allegations contained in Paragraph 4 of the Complaint.

     5.     Insofar as the statement contained in Paragraph 5 of the Complaint is a conclusion
of law, Powerhouse neither admits nor denies such allegations, but refers the issue of law to the

Court. To the extent Paragraph 5 of the Complaint sets forth allegations of fact, if any, Powerhouse denies such allegations.

6.      Insofar as the statement contained in Paragraph 6 of the Complaint is a conclusion of law, Powerhouse neither admits nor denies such allegations, but refers the issue of law to the Court. To the extent Paragraph 6 of the Complaint sets forth allegations of fact, if any, Powerhouse denies such allegations.

7.      Insofar as the statement contained in Paragraph 7 of the Complaint is a conclusion of law, Powerhouse neither admits nor denies such allegations, but refers the issue of law to the Court. To the extent Paragraph 7 of the Complaint sets forth allegations of fact, if any, Powerhouse denies such allegations, except Powerhouse Books admits that its principal place of business is in New York.

8.      Insofar as the statement contained in Paragraph 8 of the Complaint is a conclusion of law, Powerhouse neither admits nor denies such allegations, but refers the issue of law to the Court. To the extent Paragraph 8 of the Complaint sets forth allegations of fact, if any, Powerhouse denies such allegations, except Daniel Powers admits that he is domiciled in New York.

9.      Powerhouse denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10.      Powerhouse denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11.      Powerhouse denies the allegations contained in Paragraph 11 of the complaint, except Powerhouse admits that on or about November 10, 2015 it published "War is Beautiful: The New York Times Pictorial Guide to the Glamour of Armed Conflict*" which contains

photographs copyrighted by Plaintiff and which it properly sought and obtained licenses from Plaintiff as set forth in the licensing agreement.

12.     Powerhouse denies the allegations contained in Paragraph 12 of the complaint, except Powerhouse admits what is contained in "War is Beautiful: The New York Times Pictorial Guide to the Glamour of Armed Conflict*"

13.     Powerhouse denies the allegations contained in Paragraph 13 of the complaint, except Powerhouse admits that its counsel received a letter from Plaintiff's counsel requesting a licensing fee. To the extent the allegation references a written document, Powerhouse neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

14.     Powerhouse denies the allegations contained in Paragraph 14 of the complaint, except Powerhouse admits that its counsel responded to the letter from Plaintiff's counsel.  To the extent the allegation references a written document, Powerhouse neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

15.     Powerhouse denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint, except to the extent the allegation references a written document, Powerhouse neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

16.     Powerhouse denies the allegations contained in Paragraph 13 of the complaint, except Powerhouse admits that Powers rejected Plaintiff's demands.

17.     With respect to Paragraph 17 of the Complaint, the answers of paragraphs 1-16 are repeated as if fully set forth herein.

18.     Powerhouse denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19.     Powerhouse denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint

20.     Powerhouse denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint

21.     Powerhouse denies the allegations contained in paragraph 21 of the Complaint.

22.     Powerhouse denies the allegations contained in paragraph 22 of the Complaint.

23.     Powerhouse denies the allegations contained in paragraph 23 of the Complaint.

DEFENSES

## FIRST DEFENSE
## (FAILURE TO STATE A CAUSE OF ACTION)

24.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE (FREE SPEECH)

25.     Plaintiff's claims and/or the remedies sought are barred, in whole or in part, by the First Amendment to the United States Constitution and by the Constitution of the State of New York and other states.

## THIRD DEFENSE (FAIR USE)

26.     Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright fair use, 17 U.S.C. § 107, as well as any other applicable limitations on exclusive rights offered under the Copyright Act.

## FOURTH DEFENSE (INVALID AND/OR UNENFORCEABLE CERTIFICATES)

27.     Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged infringements of works for which (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership of chain of title to the work.

### FIFTH DEFENSE (DEFECT IN CERTIFICATES)

28.     Some or all of Plaintiff's claims are barred or subject to dismissal for failure to comply with renewal, notice and registration requirements, and with other necessary formalities.

### SIXTH DEFENSE (ABANDONMENT)

29.     Some or all of the copyrights on which Plaintiff relies have been forfeited or abandoned.

### SEVENTH DEFENSE (PUBLIC DOMAIN)

30.     Some or all of Plaintiff's works or portions thereof are in the public domain.

### EIGHTH DEFENSE (MERGER DOCTRINE)

31.     Some or all of Plaintiff's claims are barred by the merger doctrine.

### NINTH DEFENSE (WAIVER, ESTOPPEL, LACHES, ACQUIESCENCE)

32.     Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches or acquiescence.

### TENTH DEFENSE (UNCLEAN HANDS)

33.     Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

### ELEVENTH DEFENSE (PREEMPTION)

34.     Some or all of Plaintiff's claims are preempted by the Copyright Act.

### TWELFTH DEFENSE (DAMAGES: LACK OF INJURY OR DAMAGE)

35.     Plaintiff is barred from obtaining monetary or injunctive relief because Plaintiff has suffered no injury or damage as a result of any act or conduct by Powerhouse and Powerhouse's revenues or profits are not attributable to its allegedly infringing conduct.

### THIRTEENTH DEFENSE (DAMAGES: INNOCENT INTENT)

36.     Plaintiff's damages, if any, are limited by Powerhouse's innocent intent.

## FOURTEENTH DEFENSE (DAMAGES: NO WILLFULNESS)

37.     Plaintiff's damages, if any, are limited to the extent that Plaintiff is not able to allege or prove facts sufficient to show that the alleged infringement was willful.

## RESERVATION OF ADDITIONAL DEFENSES

Powerhouse specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, it is respectfully requested that the Complaint be dismissed in total, and for such other and further relief be granted defendants as is just and proper.

DATED:     January 5, 2015
           Goshen, New York

Yours, etc.,

JOSEPH J. HASPEL, PLLC
Attorneys for Defendants
Powerhouse
1 West Main Street
Goshen, New York 10924

## DEMAND FOR JURY TRIAL

Defendants, Powerhouse Books and Daniel Powers demand a jury trial of all issues triable by jury under applicable law.

DATED:     January 5, 2015
           Goshen, New York

Yours, etc.,

JOSEPH J. HASPEL, PLLC
Attorneys for Defendants
Powerhouse
1 West Main Street
Goshen, New York 10924